UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA,<br>Plaintiff,<br>v.<br>WCAB SACRAMENTO, et al.,<br>Defendants. | Case No. 2:26-cv-02254-DC-CSK (PS)<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

Plaintiff Michael Garcia is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

## I. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II. THE COMPLAINT

At the outset, it is unclear exactly who is being sued and on what grounds. The caption page of the Complaint identifies only one defendant, "WCAB Sacramento." Compl. at 1 (ECF No. 1). The Complaint names the following additional defendants: "ALJ Judge Tempkin," "ALJ Brown," "ALJ Coze," "ALJ Wilkins," an individual named "Aussie" in his or her official capacity as "Information and Assistance Officer," an individual named "Michelle" in Michelle's official capacity as an "Information and

Assistance Officer," "ALJ Harter," and "ALJ Thiessen." *Id.* at 2-4. Plaintiff appears to assert civil rights claims under 42 U.S.C. § 1983 for violations of the 1st, 4th, 5th, 6th, 9th, 13th, and 14th Amendments. *Id.* at 4. Plaintiff also asserts Section 1983 claims for "ADA Violations," "Hate Crimes," and "Civil Rights Violations." *Id.* at 5. The section of the Complaint reserved for Plaintiff's factual allegations states in its entirety:

> ASSAULT[;] Denial of basic human decency, treated worse than an animal, violations of my civil rights, ADA violations, hate crimes[.] WCAB Sacramento Judges and staff employees stole taxpayer dollars and refused me proper medical Rx treatment for 35 years[.] I am a broken man with 10 work related injuries and a combat decorated PTSD traumatized veteran. Being deliberately pushed in hopes I would commit a crime[.] Ex parte communications to deny me my voice or to protest crimes being inflicted upon my person.

*Id.* at 5-6. Plaintiff alleges the events occurred in 1998 and are ongoing. *Id.* For relief, Plaintiff seeks criminal prosecution against Defendants and $500 billion in damages. *Id.* at 6.

## III. DISCUSSION

### A. Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, Plaintiff does not assert the elements of any legal claims but merely makes vague allegations of wrongdoing and cites generally to provisions of the Constitution. Nor is it clear how any defendant was involved in the complained-of acts or when between 1998 and the present those acts occurred. In addition to falling short of the Rule 8 pleading requirements, the Complaint fails to state a claim against any defendant. Thus, the Complaint is subject to dismissal at the screening stage.

42 U.S.C. § 1983 provides a cause of action for the deprivation of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

"Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation modified). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

**B. Statute of Limitations for 42 U.S.C. § 1983 Claims**

Section 1983 does not contain a specific statute of limitations, so federal courts apply the forum state's statute of limitations for personal injury actions. *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Under California law, the statute of limitations for personal injury actions requires that a claim be asserted within two years of its accrual. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. Proc. § 335.1); *Callins v. Mason*, 2022 WL 1720951, at *2 (E.D. Cal. May 27, 2022). Determined by federal law, a Section 1983 action accrues when the defendant's alleged wrongful act or omission causes damages. *Watkins v. Singh*, 2014 WL 2930536, at *1 (E.D. Cal. June 27, 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). A claim accrues when plaintiff knows or has reason to know of the injury. *Id.*

The statute of limitations can be suspended by equitable tolling. *See Jones*, 393 F.3d at 928. State law governs equitable tolling except to the extent the law is inconsistent with federal law. *See Butler*, 766 F.3d at 1198. Under California law,

equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith. *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949-50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99-100 (2008)). To determine whether equitable tolling may extend a statute of limitations, courts look at whether the plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to the defendant, and whether the plaintiff had acted reasonably and in good faith. *Id.* at 950. Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it is apparent from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Callins*, 2022 WL 1720951, at *2 (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

Here, to the extent Plaintiff seeks to bring claims that accrued more than two years ago based on events occurring as far back as 1998, Plaintiff's claims are untimely. *See* Compl. at 5. Further, Plaintiff has not demonstrated that he is entitled to equitable tolling where Plaintiff has not alleged that he reasonably and in good faith attempted to pursue an alternative legal remedy. *See Honchariw*, 530 F. Supp. 3d at 949-50. Plaintiff has not shown that he provided notice to Defendants about his claim or that Defendants would not be prejudiced by Plaintiff's bringing his claims up to twenty-eight years after the alleged incident(s). Thus, Plaintiff's claims are subject to dismissal as time-barred.

**C. Eleventh Amendment Immunity**

Additionally, to the extent Plaintiff intends to assert claims against the California Workers' Compensation Appeals Board or its employees in their official capacities, Plaintiff's claims fail because claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) ("It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for

injunctive relief brought in federal court.") (citation modified); *Smittick v. California Workers Comp. Appeals Bd.*, 2010 WL 1929779 (C.D. Cal. May 11, 2010) (collecting cases barring claims against Workers' Compensation Appeals Board under Eleventh Amendment immunity).

**D. Judicial Immunity**

Further, to the extent Plaintiff seeks to assert claims against state administrative law judges, those defendants are generally immune from Section 1983 actions for damages. *See Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985) ("Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process. . . . As a result, judicial immunity has been extended to . . . administrative law judges."); *Hirsh v. Justs. of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) ("Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court.").

**E. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status and in an abundance of caution, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than

the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

## IV. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and

/ / /

/ / /

/ / /

/ / /

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated: September 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, garc.2254.26